IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| AJAMU OLUSHEGUN IYAPO,<br><br>Plaintiff<br><br>v.<br><br>B. FISCUS, et al.,<br><br>Defendants | 1:24-CV-0071-SPB-RAL<br><br>SUSAN PARADISE BAXTER<br>United States District Judge<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>Report and Recommendation on<br>Defendants' Motion to Dismiss<br><br>ECF No. 8. |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the Motion to Dismiss filed by Defendants B. Fiscus,

L. Harry, R. Irwin, I Reeher, and D. Varner [ECF No. 8] be granted in part and denied in part.[1]  It

is specifically recommended that the Court grant Defendants' motion to dismiss Plaintiff's § 1983

claims but deny Defendants' motion as to Plaintiff's claim under the Religious Land Use and

Institutionalized Persons Act.

---

[1] This matter is before the undersigned for a Report and Recommendation pursuant to the Magistrate Judges Act, 28
U.S.C. § 636(b)(1).

II.    Report

   A. Background

   For purposes of this motion, the following factual allegations are accepted as true.[2] Plaintiff, an inmate currently incarcerated at the State Correctional Institution at Forest (SCI-Forest), was committed to the custody of the Pennsylvania Department of Corrections (DOC) under his legal birth name, Ondre Richburg.  ECF No. 1-1 at p. 1.  However, because he is a follower of "African Diasporic Spiritualism" and adheres to "traditional Yoruba/IFA religious beliefs," he is now obligated to set aside the "enslavement name" given to him at birth in favor of a "Yoruba/African name."    *Id.*    Consistent with this belief, Plaintiff has adopted the Yoruba/African name Ajamu Olushegun Iyapo.  *Id.*

   At some point in March 2023, Plaintiff filed a grievance challenging prison officials' refusal to honor his request to use his religious name instead of his birth/commitment name.  ECF No. 1-1 at p. 7.  The DOC denied his grievance at each level, noting that DOC Policy 11.5.1 (entitled "Records Office Operation Section 1.A") required the prison to identify all inmates by the name on the commitment papers issued by the sentencing court.  *Id.*  To do otherwise, according to the DOC, would "interfere with the already challenging task of inmate identification." *Id.*  The DOC also informed Plaintiff that he could obtain the relief he was seeking by "fil[ing] with the courts to legally change his name and then petition[ing] the committing authority to change his name on the commitment orders in order to reflect his name change." *Id.*

   Plaintiff maintains that Defendants' refusal to use his religious name is degrading, dehumanizing, and disconnects him from his "ancestry, God/deities, heritage, and ethnic origin."

_____

[2] Iyapo's pleading contains a heavy dose of legal citation and argument.  As instructed by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), the Court will disregard those legal conclusions and focus only on his well-pleaded factual allegations. *Id.* at 555.

*Id.* at p. 4. Invoking the Religious Land Use and Institutionalized Persons Act and the First Amendment to the United States Constitution, Plaintiff seeks injunctive relief in the form of an order directing the DOC to use his religious name in all prison correspondence and identification.[3] Defendants have moved to dismiss all claims, *see* ECF No. 8, and Plaintiff has filed a response in opposition. ECF No. 13. As such, this matter is fully briefed and ripe for adjudication.

B. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain,* 478 U.S.

---

[3] Plaintiff also contends that the same conduct violates the Equal Protection Clause and the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff has made no attempt to plead any of the elements of an equal protection claim, and the Court can locate no authority for the proposition that a prison's use of an inmate's legal name violates the Eighth Amendment. Each of these claims should be dismissed, with prejudice.

265, 286 (1986)).  Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint.  *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the Court accept legal conclusions disguised as factual allegations.  *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286).  *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Plaintiff is proceeding pro se, the allegations of his complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read his pro se litigant's Complaint to state a claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with

pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

    C. Analysis

        1. RLUIPA

    The freedom to exercise one's religion without interference "extends to all citizens of this nation, whether they are at liberty or behind bars." *Nunez v. Wolf*, 117 F.4th 137, 142-43 (3d Cir. 2024). To that end, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., provides "heightened protection to inmates to ensure that they are not denied religious freedoms without a compelling reason." *Id.* at 143. Whereas a prison regulation challenged on First Amendment grounds must only be "reasonably related to legitimate penological interests," *Turner v. Safley*, 482 U.S. 78, 89 (1987), a regulation challenged under RLUIPA "is subject to strict scrutiny, requiring the government to prove that it 'is the least restrictive means of furthering [a] compelling government interest.'" *Nunez*, 117 F.4th at 146 (quoting 42 U.S.C. § 2000cc-1(a)(2)). As recently explained by our Court of Appeals:

> Congress made explicit in RLUIPA that, while the plaintiff "shall bear the burden of persuasion on whether the [challenged policy] substantially burdens the plaintiff's exercise of religion," the government bears the burden in all other respects. *Id.* § 2000cc-2(b). Thus, in practice, once the plaintiff shows that his religious exercise has been substantially burdened, "the burden flips and the government must demonstrate that the imposition of the burden on that person is the least restrictive means of furthering a compelling governmental interest." *Ramirez v. Collier*, 595 U.S. 411, 425 (2022) (cleaned up).

*Id.*

    While RLUIPA does not "elevate accommodation of religious observances over an institution's need to maintain order and safety," the government cannot meet its "heavy" burden through "bare supposition, conclusory statements, or speculation" that a requested accommodation

would negatively impact prison security. *Id*. at 147 (internal quotations and quoting sources omitted). *See also Holt v. Hobbs*, 574 U.S. 352, 369 (2015) (RLUIPA "demands much more" than the government's "mere say-so that they could not accommodate petitioner's request"). Rather, it must demonstrate "through 'experience,' or other sources, that 'the accommodation brings with it genuine [ ] problems that can't be addressed at a reasonable price.'" *Nunez*, 117 F.4th at 147 (quoting *Yellowbear v. Lampert*, 741 F.3d 48, 62 (10th Cir. 2014)). Because this "rigorous and fact intensive" inquiry must be conducted on a "case-by-case" basis, the government's policy objections must also relate to "the particular claimant whose sincere exercise of religion is being substantially burdened." *Id*. (quoting *Holt*, 574 U.S. at 363).

Turning to the instant case, the Court concludes that Plaintiff has met his initial burden of pleading that the government's policy substantially burdens his ability to practice his religion. Courts have widely acknowledged that the religious freedoms protected by the First Amendment and RLUIPA include "an inmate's right to legal recognition of an adopted religious name." *Ali v. Stickman*, 206 Fed. Appx. 184, 186 (3d Cir. 2006) (quoting *Barrett v. Com. of Va.*, 689 F.2d 498 (4th Cir. 1982)). Plaintiff's allegation that a prison policy is preventing him from fulfilling his religious obligation to set aside his enslavement name in favor of an African/Yoruba name falls squarely within this category.

The government's terse response – that there are "administrative implications, and complications, of allowing inmates to utilize non-legally changed names" – falls well short of the standard articulated in *Nunez*. As our Court of Appeals has noted, RLUIPA claims present "rigorous and fact intensive" inquiries that are best conducted on a fully developed record. *Nunez*, 117 F.4th at 147. In the absence of anything more than the government's "mere say-so" that changing Plaintiff's name would raise administrative concerns, dismissal at this stage of the

proceedings is inappropriate.  Defendants' motion to dismiss Plaintiff's RLUIPA claim should be denied.

        2.  Constitutional claims

Although Plaintiff also purports to bring claims under the First, Eighth, and Fourteenth Amendments, his Complaint makes clear that he is seeking the same relief under each provision: an injunction directing prison officials to use his religiously adopted name.  Because RLUIPA does not provide for monetary damages against state employees in their individual capacities, *Sharp v. Johnson*, 669 F.3d 144 (2012), a constitutional claim is a useful companion to a RLUIPA claim where the plaintiff is also seeking monetary damages pursuant to § 1983.  *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 335 (5th Cir. 2009) ("Sossamon's First Amendment claim is, as a practical matter, only relevant in this appeal to his individual-capacity-damages claims under § 1983.").  Where the only relief sought is injunctive, however, courts have typically dismissed any accompanying constitutional claims as duplicative and unnecessary.  *Id.* at *335-36 (recognizing that, because declaratory and injunctive relief under RLUIPA are more easily obtained under RLUIPA's strict scrutiny standard, the need for a First Amendment analysis is obviated where the RLUIPA claim is allowed to proceed).  *See also Jones v. Libel*, 2022 WL 1262207, at *2 n. 2 (N.D. Ind. Apr. 28, 2022) ("It would be pointless to allow Jones to proceed under either the First Amendment or the Equal Protection Clause in addition to RLUIPA, because the relief sought is duplicative."); *Covington v. Perry*, 2018 WL 4964360, at *13 (E.D.N.C. Oct. 15, 2018) ("[T]o the extent plaintiff is pursuing a claim for injunctive relief against defendants in their individual or official capacities under the First Amendment, the claim is entirely duplicative of the RLUIPA claim because plaintiff requests the same form of injunctive relief (provision of a halal-compliant diet) under both provisions."); *Sanders v. Cain*, 2013 WL 1335746 (M.D. La. Apr. 1, 2013) (same).

This is consistent with the United States Supreme Court's frequent admonition to "think carefully before expending scarce judicial resources to resolve difficult and novel questions of constitutional or statutory interpretation that will have no effect on the outcome of the case." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). *See also Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional constitutional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"). With this principle in mind, the Court should dismiss Plaintiff's First, Eighth, and Fourteenth Amendment claims as duplicative and unnecessary.

IV.    Conclusion

For the reasons stated herein, it is respectfully recommended that Defendants' motion to dismiss [ECF No. 8] be granted in part and denied in part. The Court should dismiss Plaintiff's § 1983 claims under the First, Eighth, and Fourteenth Amendments, but permit Plaintiff's RLUIPA claim to proceed to discovery.

V.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 17th day of December, 2024.


SUBMITTED BY:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE