IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AJAMU OLUSHEGUN IYAPO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:24-CV-71 |
| B. FISCUS, et al, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This action was received by the Clerk of Court on March 6, 2024, after having been removed from the Court of Common Pleas of Forest County, Pennsylvania, by Defendants. The matter was assigned and referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In his complaint, Plaintiff, acting pro se, explains that he is an inmate incarcerated within the Pennsylvania Department of Corrections under his legal birth name of Ondre Richburg. ECF No. 1-1, page 1. Because he is a follower of "African Diasporic Spiritualism" and adheres to "traditional Yoruba/IFA religious beliefs," he is obligated to set aside his "enslavement name" in favor of the ethnic Yoruba name of Ajamu Olushegun Iyapo. *Id*. Plaintiff claims that Defendants' refusal to acknowledge his Yoruba name violates his constitutional rights under the First, Eighth, and Fourteenth Amendments, as well as his statutory rights under the Religious Land Use and Institutionalized Persons Act. As relief, Plaintiff seeks injunctive relief in the form

1

of an order directing the DOC to use his religious name in all prison correspondence and identification.

In response to the complaint, Defendants filed a motion to dismiss. ECF No. 8. On December 17, 2024, Judge Lanzillo issued a Report and Recommendation recommending that Defendants' motion to dismiss be granted insofar as Plaintiff's constitutional claims be dismissed, but denied relative to the RLUIPA. ECF No. 18. To date, no Objections to the Report and Recommendation have been filed by any party.

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part— the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under 28 U.S.C. § 636. *See Hill v. Barnacle*, 655 Fed. App'x 142, 148 (3d Cir. 2016) ("District courts are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b). We presume that the District Court engaged in the required de novo review absent some indication to the contrary. There is no such indication here because the District Court noted Hill's objections and stated that it reviewed the record independently.") (internal citation omitted).

After *de novo* review of the complaint and documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 8th day of January 2025;

IT IS ORDERED that the motion to dismiss [ECF No. 8] is granted insofar as the constitutional claims are dismissed and denied in all other regards.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Lanzillo, issued on December 17, 2024 [ECF No. 18] is adopted as the opinion of the court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge